**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2020[*]
Decided March 4, 2020

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1248

| | |
|---|---|
| DAVID SERVIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15-cv-5706 |
| CITY OF CHICAGO, | Jorge L. Alonso, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

David Servin spent almost 10 years trying to get a job as a Chicago police officer. When he wasn't hired, he sued the city, contending that the police department discriminated against him because of his age, in violation of the Age Discrimination in Employment Act. *See* 29 U.S.C. § 623. The district court entered summary judgment for the city on multiple grounds, including Servin's failure to rebut the city's evidence that it rejected his application when he was 36 years old. Because the Act protects only persons who are at least 40 years old, we affirm on that basis.

---

[*] We granted the appellant's motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

Servin first applied to the Chicago Police Department in 2001, when he was 30 years old. He passed a written examination, after which the department placed him, and all other applicants who passed, on an eligibility list in random order. Applicants were invited to attend the police academy in the order in which they appeared on the list. In the meantime, they were required to complete other prerequisites, including a background check, physical-fitness test, and psychological examination.

A year after Servin passed the written exam, he failed his background check, and the police department removed him from the eligibility list. Servin successfully challenged the decision in state court, but doing so took years, and the department did not put him back on the list until 2005. The department then required Servin to redo the other prerequisites. By the time Servin completed them, the city had instituted a hiring freeze. A representative assured Servin that he could be hired once the freeze was lifted.

In 2007, a police investigator conducted a second background check on Servin. The parties dispute whether this investigator ever contacted Servin, but they agree that the investigator reported to his commanding officer that Servin had refused to fill out a questionnaire or otherwise cooperate with the background check. The department therefore rejected Servin's application. Although the investigator testified that he sent a certified letter to Servin notifying him of the decision, the parties agree that Servin did not receive notice that his application was denied.

In 2014, Servin learned that the hiring freeze was over when the police academy accepted two of his younger relatives. By then, Servin was more than 40 years old and thus ineligible for appointment as a new police officer under Chicago Municipal Code section 2-152-410(e). He sued the city for age discrimination, alleging that the police department had intentionally delayed his appointment until he was ineligible. He further alleged that the department denied his application sometime after he turned 40, rather than 2007 as the city maintained. In support of this allegation, Servin testified at his deposition that an investigator from the Equal Employment Opportunity Commission told Servin that the investigator's supervisor had reviewed the eligibility list from 2010 and saw that Servin (then 39) was on it. Servin never saw the list.

The district court entered summary judgment for the city. The court concluded that Servin had provided no evidence that the police department intentionally delayed his appointment. But even if it had, the court continued, the Act did not protect Servin because he was only 36 years old when the department denied his application in 2007. *See* 29 U.S.C. § 631(a). The court rejected as hearsay Servin's deposition testimony about

the EEOC investigator's comments, which was his only evidence that he remained eligible for the job after 2007.

On appeal, Servin again argues that the police department discriminated against him by delaying a hiring decision until after he turned 40. But he fails even to acknowledge the district court's ruling that his only evidence in support of his alleged timeline is hearsay, much less explain why he believes the ruling was incorrect. Inadmissible hearsay evidence may not be considered on summary judgment. FED. R. CIV. P. 56(c)(2); *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016). Here, Servin had no personal knowledge that his candidacy remained active past 2007. He did not provide an affidavit or subpoena the 2010 eligibility list (or any other year's). He relied only on his own account of the investigator's out-of-court statement (reporting *another person's* statement) to establish the truth of that factual assertion. That is hearsay, *see* FED. R. EVID. 801(c), and Servin does not argue that any exception to the hearsay rule applies. We therefore see no error in the district court's decision to exclude this evidence. *See Cortezano v. Salin Bank & Tr. Co.*, 680 F.3d 936, 942 (7th Cir. 2012).

Because Servin cannot genuinely dispute that the police department rejected his application when he was 36 years old, he cannot support a claim under the Age Discrimination in Employment Act. The Act does not protect individuals who are less than 40 years of age at the time of the allegedly discriminatory action. 29 U.S.C. § 631(a); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000). And whatever improper delays Servin alleges took place, they all necessarily occurred before the department's final decision on his application in 2007 and therefore before his fortieth birthday.

AFFIRMED